UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW MORAN, *et al.*, | : | Case No. 1:18-cv-223 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| RUAN LOGISTICS, *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT (Doc. 11) AND GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS (Doc. 5)

This civil action is before the Court on Plaintiffs' motion to amend the complaint (Doc. 11) and the Defendants' responsive memorandum (Doc. 12), as well as Defendants' motion for partial dismissal (Doc. 5) and the parties' responsive memoranda (Docs. 10, 13).

### I.   BACKGROUND

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

On October 5, 2016, Plaintiff Andrew Moran was struck by a tire that had separated from the rim of a tractor trailer. (Doc. 1 at ¶ 12). Plaintiff was severely injured and airlifted to the University of Cincinnati Medical Center. (*Id.* at ¶¶ 13–14). The truck whose tire struck Plaintiff is owned by Defendant Ryder Truck Rental ("Ryder") and was leased to and operated by Defendant Ruan Logistics ("Ruan"). (*Id.* at ¶ 16). Defendant

1

Anthony Alford, and employee of Ruan Logistics, was the driver of the truck. (*Id.* at ¶ 17).

Plaintiff Andrew Moran alleges that he has suffered severe and catastrophic injuries, incurred large medical bills, and has suffered mental and emotion trauma. (*Id.* at ¶ 24). Plaintiff Karen Madden, Moran's fiancée, has allegedly suffered emotional and mental trauma, and the loss of consortium with Moran. (*Id.* at ¶ 25).

Plaintiffs filed the initial complaint on March 30, 2018. The initial complaint raised the following claims:

**Count I:** Negligence against all Defendants (*Id.* at ¶¶ 26–36);

**Count II:** Violation of the Federal Motor Carrier Safety Regulations ("FMCSR") against Defendants (*Id.* at ¶¶ 37–45);

**Count III:** Negligent Inspection, Maintenance and Repair by Ruan (*Id.* at ¶¶ 46–50);

**Count IV:** Negligent Inspection, Maintenance and Repair by Ryder (*Id.* at ¶¶ 51–57);

**Count V:** Negligent Entrustment by Ruan (*Id.* at ¶¶ 58–64);

**Count VI:** Negligent Entrustment by Ryder (*Id.* at ¶¶ 65–70);

**Count VII:** Agency Liability against Ruan (*Id.* at ¶¶ 71–75);

**Count VIII:** Agency Liability against Ryder (*Id.* at ¶¶ 76–80);

**Count IX:** Negligent Hiring and Retention by Ruan (*Id.* at ¶¶ 81–88);

**Count X:** Negligent Leasing by Ryder (*Id.* at ¶¶ 89–96);

**Count XI:** Respondeat Superior against Ruan (*Id.* at ¶¶ 97–102);

**Count XII:** Loss of Consortium against all Defendants (*Id.* at ¶¶ 103–04).

In response to the complaint, Defendants filed a motion for partial dismissal (Doc. 5) and an answer. (Doc. 7). In conjunction with their response to the motion to dismiss (Doc. 10), Plaintiffs filed a motion to amend the complaint (Doc. 11). Both the motion to dismiss and the motion to amend the complaint are ripe for review.

## II.    STANDARD OF REVIEW

### A.    Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Coe,* 161 F.3d at 341. In the absence of any of these findings, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

## B. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

4

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Motion to Amend the Complaint (Doc. 11)

In response to Defendants' partial motion to dismiss, Plaintiffs filed a response in opposition (Doc. 10) and a motion to amend the complaint with proposed amendments to the complaint. (Doc. 11; Doc. 11-1). Plaintiffs propose to amend the complaint in the following ways: (1) eliminate Count II; (2) clarify that Count V for negligent entrustment is alleged under O.R.C. 4511.203, wrongful entrustment of a motor vehicle; (3) clarify that Count VI for negligent entrustment is alleged under O.R.C. 4511.203, wrongful entrustment of a motor vehicle; and (4) combine counts VII and XI. (*Id.*)

Defendants argues that Plaintiffs' motion to amend the complaint should be denied because Plaintiffs' proposed amendments are futile and would not survive Defendants' pending partial motion to dismiss. *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003)) ("[L]eave to amend may be denied where the amendment would be futile."); *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.")). Accordingly, this Court's analysis of Plaintiffs' motion for leave to amend is dependent upon the application of the arguments in Defendants' motion to dismiss to Plaintiffs' proposed amendments to the complaint.

For the reasons set forth below, Plaintiffs' proposed amendments to the complaint are futile. Therefore, Plaintiffs' motion to amend the complaint is denied.

### B. Defendants' Partial Motion to Dismiss

#### 1. Count I: Negligence

Defendants move to dismiss Plaintiffs' negligence claim against Ruan and Ryder. Defendants contend that Count I is duplicative of other claims against Ruan (Counts II, III, and IX) and Ryder (Counts II and IV). Defendants do not seek to dismiss negligence claims against Alford.

It is appropriate for a court to dismiss duplicative claims as it does not prejudice a plaintiff. *See BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 2012 WL 3283397, at *3 (S.D. Ohio Aug. 10, 2012); *Smith v. Bd. of Trustees Lakeland Cmty. Coll.,* 746 F.Supp.2d 877, 899 (N.D. Ohio 2010) ("it is axiomatic that [plaintiff] cannot assert two separate counts alleging the exact same claims" (citing *Mohr v. Chicago Sch. Reform Bd. of Trustees of the Bd. of Educ.,* 993 F.Supp. 1155, 1157 (N.D. Ill. 1998))); *Foster v. City of Southfield*, 1996 WL 742291, at *6 (6th Cir. Dec. 20, 1996) ("It was not error for the District Court to conclude that submitting both claims to the jury would be duplicative and potentially confusing to the jury.").

In Count I, Plaintiffs allege that Ruan was negligent by (1) failing its responsibilities under the FMCSR; (2) failing to properly inspect, maintain, and repair the truck, and (3) failing to properly train Alford. (Doc. 1 at ¶¶ 28–31). These allegations are plainly duplicative of Count II, Count III, and Count IV, respectively.

In Count I, Plaintiffs allege that Ruan was negligent by: (1) failing to meet its responsibilities under the FMCSR; and (2) failing to properly inspect, maintain, and repair the truck. (Doc. 1 at ¶¶ 28–31). These allegations are plainly duplicative of Count II and Count IV, respectively.

Here, Count I against Ruan and Ryder are duplicative of other claims and therefore dismissal <u>with prejudice</u> is warranted.

### 2. Count II: Violation of Federal Motor Carrier Safety Regulations

Defendants move to dismiss Count II of the complaint brought under the FMCSR. (Doc. 5 at 4–7). Plaintiffs have conceded that there is no private cause of action for violation of the FMCSR and have agreed to eliminate this claim. (Doc. 10 at 5–6). Accordingly, dismissal of Count II <u>with prejudice</u> is warranted.

### 3. Count V: Negligent Entrustment against Ruan

Defendants move to dismiss Count V of the complaint against Ruan for negligent entrustment. Plaintiffs propose to amend the complaint to clarify that the negligent entrustment claim is brought under O.R.C. § 4511.203. In the alternative, Plaintiffs request that Count V be dismissed without prejudice. (Doc. 10 at 27). Defendants do not object to dismissal without prejudice for this claim. (Doc. 13 at 5).

Under Ohio Law, a negligent entrustment claim has five elements: (1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) the employer's negligence in hiring, supervising, or entrusting the employee as the proximate cause of the plaintiff's

7

injuries. *Bush v. Am. Honda Motor Co.*, 227 F. Supp. 2d 780, 801 (S.D. Ohio 2002); *Ford v. Brooks*, 10th Dist. Franklin No. 11AP-664, 2012-Ohio-943, ¶ 22.

In order to a survive a motion to dismiss on a negligent entrustment claim, a plaintiff must "plead[s] facts which indicate that the individual hired had a past history of criminal, tortious, or otherwise dangerous conduct about which the [employer] knew or could have discovered through reasonable investigation." *Byrd v. Faber*, 565 N.E.2d 584, 590 (Ohio 1991); *see Jones v. Praxair, Inc.*, No. 3:15-cv-277, 2016 WL 3582128, at *2–4 (S.D. Ohio June 28, 2016). Here, Plaintiffs' complaint contains no such alleged facts.

In a similar case before this Court, the plaintiffs' negligent entrustment claim was dismissed where the plaintiffs' complaint contained "no factual allegations to support a finding that, when [the employer] entrusted [the employee] with the tractor semi-tanker, it knew or should have known that he was an incompetent driver . . . the Complaint does not allege that [the driver] had a history of accidents or moving violations, or had a history of drug or alcohol abuse . . . Plaintiffs' conclusory allegation that [the employer] knew or should have know of [the employee's] incompetence is insufficient to state a claim of negligent entrustment." *Jones*, 2016 WL 3582128, at *6–7.

In this case, Plaintiffs have similarly failed to allege facts that Ruan should have been aware that Alford was incompetent. Plaintiffs seem to argue that they are entitled to discovery that may reflect that Ruan did not comply with federal regulations requiring background checks of drivers. Discovery may ultimately show that Ruan was not in compliance with federal regulations, but currently the complaint contains no factual allegations supporting a negligent entrustment claim.

Plaintiffs' proposed amendment to clarify that the negligent entrustment claim is brought under O.R.C. § 4511.203 does not change the fact that they have failed to adequately plead negligent entrustment. Indeed, O.R.C. § 4511.203 is a traffic statute that does not provide a private right of action. Accordingly, Plaintiffs' proposed amendment is futile.

Therefore, dismissal of Count V <u>without prejudice</u> is warranted.

### 4. Count VI: Negligent Entrustment against Ryder

Defendants move to dismiss Count VI of the complaint against Ryder for negligent entrustment. Plaintiffs propose to amend the complaint to clarify that the negligent entrustment claim is brought under O.R.C. § 4511.203. In the alternative, Plaintiffs request that Count VI be dismissed without prejudice. (Doc. 10 at 27). Defendants contend dismissal with prejudice is warranted for this claim. (Doc. 13 at 5).

Defendants argue dismissal of Count VI is warranted for several reasons: (1) the same reasons justifying dismissal of Count V against Ruan apply to Ryder; (2) the Graves Amendment bars liability; (3) there is no viable cause of action under Ohio law because a Ryder owes no duty with respect to Ruan's decisions with respect to employee hiring. Defendants' arguments have merit.

First, dismissal of Count VI is warranted for the same reasons discussed *supra* for Count V. Second, the Court finds that the Graves Amendment bars liability for Ryder. Courts have found that the Graves Amendment savings clause (49 U.S.C. § 30106(a)(2)) only applies "to claims predicated on criminal wrongdoing and negligent maintenance claims – not claims of negligent entrustment." *See, e.g.*, *Dubose v. Transp. Enter.*

9

*Leasing, LLC*, 2009 WL 210724, at * 5 (M.D. Fla. Jan. 27, 2009). Therefore, Plaintiffs' negligent entrustment claim against Ryder is barred under the Graves Amendment.

As discussed in dismissing Count V, Plaintiffs' proposed amendment to clarify that the negligent entrustment claim is brought under O.R.C. § 4511.203 is futile. Section 4511.203(F) expressly exempts vehicle rental companies from liability: "This section does not apply to motor vehicle rental dealers or motor vehicle leasing dealers, as defined in section 4549.65 of the Revised Code." O.R.C. 4511.203(F). Therefore, the Court finds that there is no viable cause of action against Ryder for negligent entrustment.

For the reasons above, dismissal of Count VI <u>with prejudice</u> is warranted.

### 5. Count VIII: Agency Liability against Ryder

Defendants move to dismiss Count VIII of the complaint against Ryder for agency liability. Plaintiffs oppose dismissal of Count VIII, but in the alternative request that Count VIII be dismissed without prejudice. (Doc. 10 at 28). Defendants argue that dismissal with prejudice is warranted on Count VIII.

Defendants argue that Count VIII should be dismissed for two reasons: (1) Plaintiffs do not allege an agency/employment relationship between Ryder and Alford and (2) the Graves Amendment (49 U.S.C. 30106(a)) prohibits vicarious liability for companies in the business of renting motor vehicles. (Doc. 5 at 8). Defendants' arguments have merit.

Under Ohio law, agency liability requires (1) a principal-agent relationship between the company and the putative employee and (2) the putative employee acting

10

tortuously within the course and scope of employment with the company. *Thomas Reserves Network*, 2011-Ohio-5068, ¶ 37 (Ohio App. Nov. 14, 2011). Here, Plaintiffs' complaint contains no allegations that Alford was an employee of Ryder, therefore no agency liability exists.

Second, Defendants argue that the Graves Amendment (49 U.S.C. § 30106(a)) bars vicarious liability claims against companies who are in the business of leasing motor vehicles. (Doc. 5 at 9–10. In their opposition, Plaintiffs correctly note that the Graves Amendment does not relieve a business of its own negligence or criminal wrongdoing. (Doc. 10 at 22). However, in this case the Graves Amendment bars liability because Count VIII does not allege any negligence or criminal wrongdoing on the part of Ryder. Moreover, courts regularly apply the Graves Amendment to bar vicarious liability claims against business renting and leasing vehicles. *See, e.g.*, *Moye v. Avis Budget Group*, 2015 WL 410515, *2 (D. Md. Jan 27, 2015) ("To the extent that this is an attempt to plead a negligence claim [against defendant] under a theory of vicarious liability for the driver's conduct, such a claim is barred by the Graves Amendment").

For both these reasons, dismissal of Count VIII <u>with prejudice</u> is warranted.

### 6. Count IX: Negligent Hiring against Ruan

Defendants move to dismiss Count IX for negligent hiring against Ruan. Plaintiffs oppose dismissal of Count IX, but in the alternative request that Count IX be dismissed without prejudice. (Doc. 10 at 28). Defendants do not object to dismissal without prejudice for this claim. (Doc. 13 at 5).

11

Defendants argues that Plaintiffs insufficiently plead the negligent hiring and retention claim. Under Ohio law, a plaintiff must plead the same five elements for negligent hiring as negligent entrustment (discussed in Count V *supra*). "The mere incantation of the elements of a negligent hiring claim, i.e., the abstract statement that the [employer] knew or should have known about the employee's criminal or tortious propensities, without more is not enough." *Baker v. Swift Transportation Co. of Arizona, LLC*, No. 2:17-CV-909, 2018 WL 2088006, at *4 (S.D. Ohio May 4, 2018) (citing *Byrd v. Faber*, 565 N.E.2d 584, 590 (Ohio 1991)). A plaintiff is required to plead factual allegations to support claims of negligent hiring in order to avoid dismissal. *See Jones*, 2016 WL 3582128, *4. A plaintiff cannot "rely on the alleged incident itself to establish that the employee's conduct was foreseeable to the employer." *Baker*, 2018 WL 2088006, at *4.

Here, Plaintiffs' complaint contains no specific allegations that Alford was incompetent as is required to plead negligent hiring. Plaintiffs do not allege that Alford was unqualified, had prior accidents or moving violations, or had a history of incidents such as the alleged accident in this case. Accordingly, Plaintiffs' complaint contains no specific allegations that Ruan was aware of dangerous propensities that would make them negligent in hiring and retaining Alford.

Therefore, dismissal of Count IX <u>without prejudice</u> is warranted.

### 7. Count X: Negligent Leasing against Ryder

Defendants move to dismiss Count X against Ryder. Plaintiffs agree to the dismissal of Count X, as long as Count VI against Ryder survives. However, as

12

discussed *supra*, dismissal of Count VI is warranted.

Defendants argue that Ohio law does not recognize a cause of action for "negligent leasing." (Doc. 5 at 8). Plaintiffs do not point to any authority indicating that "negligent leasing" is a viable cause of action under Ohio law. Moreover, in their opposition brief, Plaintiffs acknowledge that negligent leasing is "nothing more than negligent entrustment." (Doc. 10 at 6). As the Court has already discussed, Plaintiffs' negligent entrustment claim against Ryder fails. Therefore, for the reasons expounded in the dismissal of Count VI, dismissal of Count X <u>with prejudice</u> is warranted.

### 8. Count XI: Respondeat Superior against Ruan

Defendants move to dismiss Count XI for respondeat superior because it is duplicative of Count VII for agency liability against Ruan. Plaintiffs propose that the amended complaint will eliminate Count XI and clarify that Count VII is brought under both the theories of agency and respondeat superior liability. However, this amendment is futile as it does not alter Plaintiffs' complaint in any meaningful way as agency liability and respondeat superior liability are identical. Because Count XI is duplicative of the Count VII agency claim, dismissal of Count XI <u>with prejudice</u> is warranted.

### 9. Count XII: Loss of Consortium

Defendants move to dismiss Count XII, Plaintiff Karen Madden's loss of consortium claim. Plaintiff Karen Madden, fiancée of Plaintiff Andrew Moran, claims she has been damaged by having to take care of Moran, endure his emotional and physical trauma, and observe the deterioration of her fiancée. This may be true; however, Madden's claim is without merit. Under Ohio law, a fiancée does not have a claim for

loss of consortium. *See Namenyi v. Tomasello*, 2014 WL 5089113, 2014-Ohio-4509, ¶ 22 (Ohio App. Oct. 10, 2014) (finding that loss of consortium "is a right which grows out of marriage, is incident to marriage, and cannot exist without marriage."); *Harsh v. City of Franklin*, 2009 WL 806652, *2 (S.D. Ohio Mar. 26, 2009) (finding that a fiancée may not assert a loss of consortium claim).

Therefore, dismissal of Count XII <u>with prejudice</u> is warranted.

### 10. Request for Punitive Damages and Attorney's Fees

Defendants move to dismiss Plaintiffs' requests for punitive damages and attorney's fees.

Ohio Revised Code § 2315.21 governs punitive damages in tort actions. Punitive damages are only recoverable where the "actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." O.R.C. 2315.21(C). To allege malice justifying punitive damages, a plaintiff must plead that the defendant demonstrated (1) hatred, ill will, or a spirit of revenge or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Murty*, 32 Ohio St.3d 334, at syllabus (1987).

Dismissal of requests for punitive damages is appropriate "if the complaint fails to allege sufficient facts to support the request." *Baker*, 2018 WL 2088006, at *5–6. This Court has recently dismissed requests for punitive damages against a motor carrier where the plaintiff failed to offer "factual allegations indicating what actions [the motor carrier]

14

took that purportedly demonstrated its conscious disregard or reckless indifference." *Id.* The same holds true here. Plaintiffs have alleged no facts reflecting conscious disregard or reckless indifference demonstrating Defendants acted with malice.

In the opposition to the motion to dismiss, Plaintiffs mention that they may be entitled to punitive damages for spoliation of evidence if there is no satisfactory explanation for the absence of the tractor-trailer's rim at issue. (Doc. 10 at 7). This may come to be true, but currently the complaint contains no factual allegations regarding spoliation of evidence that support punitive damages. Plaintiffs also contend that their negligent hiring claim supports an award for punitive damages. (*Id.*). However, as discussed in the analysis of Count IX *supra*, Plaintiffs have failed to adequately plead a negligent hiring claim.

Defendants argue that Plaintiffs' request for attorney's fees should be dismissed because Plaintiffs have not alleged any statutory authorization for attorney's fees. (Doc. 5 at 18). Absent statutory authorization or an established exception, parties bear their own attorney's fees. *See Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Plaintiffs' opposition to the motion to dismiss attorney's fees does not argue that there is any statutory authorization or established exception that justifies attorney's fees in this case.

Therefore, due to insufficient pleading, Plaintiffs' requests for punitive damages and attorney's fees are dismissed <u>without prejudice</u>.

## IV. CONCLUSION

Accordingly, for the reasons reflected above, the Court **ORDERS** that:

1) Plaintiff's motion for leave to amend the complaint (Doc. 11) is **DENIED** as futile**.**

2) Defendants' partial motion to dismiss (Doc. 5) is **GRANTED,** as follows:

    a. Count V, Count IX, and Plaintiffs' requests for punitive damages and attorney's fees are **DISMISSED** without prejudice

    b. Count I against Ruan and Ryder, Count II, Count VI, Count VIII, Count X, Count XI, and Count XII are **DISMISSED** with prejudice.

3) Plaintiffs' motion to set initial status conference (Doc. 15) and Defendants' motion for leave to file sur-reply instanter (Doc. 18) are **DENIED** as moot.

**IT IS SO ORDERED**.

Date: 9/18/18

Timothy S. Black
United States District Judge