# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW MORAN, *et al.*, | : | Case No. 1:18-cv-223 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| RUAN LOGISTICS, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE (DOC. 108)

This civil action is before the Court on Plaintiff's motion to voluntarily dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. 108) and the Defendants' responsive memorandum (Doc. 109).[1]

### I. BACKGROUND AND PROCEDURAL POSTURE

On October 5, 2016, Plaintiff Andrew Moran was struck by a tire that had separated from the rim of a tractor trailer. (Doc. 28 at ¶ 12). Plaintiff was severely injured and airlifted to the University of Cincinnati Medical Center. (*Id.* at ¶¶ 13–14). The truck whose tire struck Plaintiff is owned by Defendant Ryder Truck Rental ("Ryder") and was leased to and operated by Defendant Ruan Logistics ("Ruan"). (*Id.* at ¶ 16). Defendant Anthony Alford—an employee of Defendant Ruan or Defendant O'Neal Steel, LLC—was the driver of the truck. (*Id.* at ¶ 17).

---

[1] Also pending are Defendants' motion for summary judgment (Doc. 88), Plaintiff's motion for summary judgment (Doc. 92), Plaintiff's motion for sanctions (Doc. 93), and Defendants' motion to exclude expert opinions (Doc. 97).

Plaintiff Moran alleges that he has suffered severe and catastrophic injuries, incurred large medical bills, and has suffered mental and emotional trauma. (*Id.* at ¶¶ 26–27).

Plaintiff filed the initial complaint on March 30, 2018. (Doc. 1). Subsequently, Defendants filed a partial motion to dismiss nine counts (Doc. 5), which the Court granted (Doc. 20). On October 5, 2018, Plaintiff filed the Corrected First Amended Complaint. (Doc. 28). The Corrected First Amended Complaint presented five claims: negligence against Defendant Anthony Alford (Count I); agency liability against Defendant Ruan (Count II); negligent inspection, maintenance, and repair against Defendant Ryder (Count III); negligent inspection, maintenance, and repair against Defendant Ruan (Count IV); and agency liability against Defendant O'Neal Steele, LLC (Count VI).[2]

Discovery ensued over the next year, and on November 15, 2019, the parties filed cross-motions for summary judgment. (Docs. 88, 92).

Up until February 15, 2020, Plaintiff was represented by Sherrill Hondorf. On that day, Zachary Gottesman entered his notice of appearance on behalf of Plaintiff Andrew Moran. (Doc. 107).[3] Three days later, Mr. Gottesman filed the present motion to voluntarily dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 108).

---

[2] The Corrected First Amended Complaint does not contain a Count V.

[3] Mr. Gottesman entered the notice of substation of counsel for Ms. Hondorf on February 29, 2020. (Doc. 110)

2

## II.  STANDARD OF REVIEW

A plaintiff may obtain voluntary dismissal "only by court order, on terms that the court considers proper" after a defendant files an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). As a general rule, dismissal under Rule 41(a)(2) is without prejudice. *Stanton v. Kiss,* Case No. 3:13-cv-2082, 2014 WL 1513990, at *1 (N.D. Ohio Apr. 16, 2014).

It is within the "sound discretion" of the district court to grant a Rule 41(a)(2) motion for a voluntary dismissal. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994). "Generally, a court's decision to grant a plaintiff's Rule 41(a)(2) motion is improper only if, as a result of a dismissal without prejudice, a defendant will suffer 'plain legal prejudice,' as opposed to facing the mere prospect of a second lawsuit." *Id.*

"[A]bsent 'clear' and 'substantial' legal prejudice to the defendant, the court should grant a voluntary dismissal." *Elektra Entm't Grp., Inc. v. Licata*, No. 07-cv-569, 2008 WL 4059796, at *2 (S.D. Ohio Aug. 25, 2008) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

## III.  ANALYSIS

To determine whether dismissing Plaintiff's complaint without prejudice is appropriate, the Court must determine whether Defendants would suffer plain legal prejudice.

The Sixth Circuit has identified four factors that courts consider to determine whether plain legal prejudice will result from voluntary dismissal: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on

3

the part of the plaintiff in prosecuting the action; (3) the plaintiff's insufficient explanation for the need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 Fed. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718).

Importantly, "[a] court does not need to resolve every factor in favor of the moving party to find that dismissal without prejudice is warranted." *Kebede v. Johnny Rockets Grp., Inc.*, No. 2:05-cv-0006, 2005 WL 2493288, at *1 (S.D. Ohio Oct. 7, 2005) (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)). "Rather, the factors are more of a guide and discretion ultimately rests with the trial court." *Kebede*, 2005 WL 2493288, at *1.

The Court will address each of the four factors in turn.

**A. Defendants' effort and expense**

It is indisputable that Defendants have exerted considerable time and expense in defending this lawsuit. Defendants have litigated this action for two years; have conducted discovery, including written discovery, depositions, and expert discovery; and have filed several motions. (*See* Doc. 109 at 11–12). Moreover, much of the discovery that Defendants received from Plaintiff's former counsel took significant effort to obtain. (*See id.* at 4–7).

Plaintiff contends that the Defendants' effort and expense will not be wasted if the complaint is voluntarily dismissed because Defendants can apply all discovery and expert opinions obtained in this case to a re-filed action. (Doc. 108 at 4). Where "discovery would largely be transferable" to a re-filed action, a plaintiff's delay in filing the motion

4

to dismiss does "not sufficiently prejudice defendant to preclude dismissal." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (finding that district court's dismissal of complaint without prejudice were supported by facts in the record and not clearly erroneous); *see also Ball v. Tennessee Valley Auth.*, No. 2:13-cv-904, 2015 WL 556437, at *4 (S.D. Ohio Feb. 10, 2015) (finding that the first factor weighs in favor of granting dismissal without prejudice where discovery efforts will not be "squandered" in a re-filed action).

Here, the Court finds that the discovery that Defendants have conducted in this action can largely be applied to any re-filed action.  Thus, while Defendants have exerted significant effort and expense defending this action, the first factor does not sufficiently prejudice Defendants to preclude granting Plaintiff's motion for voluntary dismissal.

### B. Excessive delay and lack of diligence by Plaintiff

Plaintiff contends that he has "fully engaged in the prosecution of this case by responding to discovery and actively participating in the liability aspect of this case, by filing Motions for Sanctions regarding spoliation and a Motion for Summary Judgment." (Doc. 109 at 4–5).  Plaintiff concedes that "Plaintiff's prior counsel failed to obtain, prepare and present the necessary vocational and medical treatment experts," but contends that those omissions are "not attributable to individual Plaintiff." (*Id.* at 4). Plaintiff maintains that those deficiencies were just discovered by Plaintiff's current counsel.

Defendants, however, argue that the delay in this litigation has been caused by Plaintiff, not his former counsel.  Defendants list several instances of Plaintiff lacking

diligence in prosecuting his case including causing delays in written discovery, failing to pursue treatment for his injuries, and lacking evidence to support his alleged loss of future earning capacity. (Doc. 109 at 12). But Defendants' response seems to recognize that Plaintiff's counsel noted that any lack of diligence by Plaintiff Moran was due to his being "very difficult to deal with" and having "mood swings" (*Id.* at 5, 7). It is the Court's understanding that those mood swings were purportedly caused by the "severe and catastrophic injuries" that Plaintiff suffered from the accident at issue and the resulting mental health issues. (*See* Doc. 28 at ¶¶ 26, 27). Moreover, while Defendants attempt to cast blame for delay on Plaintiff Moran alone, the Court notes that the actions and omissions of Plaintiff's former attorney are also at fault for any delay. (*See, e.g.*, May 24, 2019 Minute Entry and Notation Order; July 17, 2019 Minute Entry and Notation Order).

The Court is persuaded that Plaintiff—for the most part—actively prosecuted this case, and any delay or lack of diligence by Plaintiff are largely due to a combination of the injuries he sustained in the accident at issue and omissions made by his prior counsel. For that reason, the second factor does not sufficiently prejudice Defendants to preclude granting Plaintiff's motion for voluntary dismissal.

### C. Plaintiff's reason for dismissal

Plaintiff states that he has suffered "catastrophic, life-altering injuries as a result of Defendants' conduct" and "needs to submit expert testimony regarding his future vocational challenges due to the accident and his future medical needs." (Doc. 108 at 5). Without dismissal, Plaintiff notes that "the limitation on non-economic damages

contained in R.C. § 2315.18 will unfairly limit Plaintiff's recovery for the injuries he sustained." (*Id.*)

Defendants contend that Plaintiffs have not provided any explanation for why Plaintiff seeks dismissal without prejudice. (Doc. 109 at 15). Defendants note that Plaintiff's former counsel did "submit expert reports from an accident reconstruction expert, a tire failure analysis expert, and neuropsychology expert." (*Id.*) Defendants suggests that Plaintiff's failure to submit expert reports on vocational limitations may have been strategic. (*Id.*)

The Court is unpersuaded by Defendants' argument that Plaintiff's former counsel's decision not to call a necessary expert was strategic, especially because Defendants themselves identify several incidences where Plaintiff's former counsel failed to request depositions of key figures in this litigation, including Defendants Ruan, Ryder, and O'Neal Steel, and Defendants' expert, Tom Giapponi. (*Id.* at 12). Thus, it is unlikely that Plaintiff's former counsel's failure to submit expert reports on vocational limitations was strategic.

The Court finds that Plaintiff's need to submit expert testimony regarding his future vocational challenges and his future medical needs is a sufficient reason for seeking dismissal. For that reason, the third factor does not sufficiently prejudice Defendants to preclude granting Plaintiff's motion for voluntary dismissal

**D. Defendants' filing of motion for summary judgment**

Finally, it is uncontested that both parties currently have pending motions for summary judgment. (Docs. 88, 92). Thus, the fourth factor clearly weighs in

7

Defendants' favor, and shows that dismissal at this stage will prejudice Defendants to some extent. Nevertheless, no one factor is determinative. *See Kebede*, 2005 WL 2493288, at *1 ("A court does not need to resolve every factor in favor of the moving party to find that dismissal without prejudice is warranted.").

Weighing the four factors, the Court finds that there is not clear and substantial evidence that Defendants would suffer plain legal prejudice by dismissal without prejudice. *See Elektra*, 2008 WL 4059796, at *2. Therefore, Plaintiff's motion to voluntarily dismiss this action without prejudice is well-taken.

To be clear, this case is a close call. The Court does not grant Plaintiff's motion lightly. Without granting Plaintiff's motion to dismiss without prejudice, the Court is concerned that Plaintiff will be unable to obtain redress for the serious, traumatic injuries that he suffered allegedly due to Defendants' actions. As Plaintiff notes, he "has one chance to recover damages for this life altering accident and he should not be hampered from doing so by the mistakes and/or omissions of his prior counsel." (Doc. 108 at 5–6). The Court recognizes that Defendants—who have professionally and diligently defended this action—will be inconvenienced, but that inconvenience does not rise to the level of plain legal prejudice. Accordingly, in the Courts' discretion, dismissal without prejudice is warranted and Plaintiff's motion (Doc. 108) is GRANTED.

Additionally, Defendants request that—if the Court grants Plaintiff's motion to dismiss, as it has here—"the Court first rule on the pending motions prior to granting the dismissal, and to hold that those rulings (and all prior rulings) would apply in any re-filed lawsuit." (Doc. 109 at 16 (citing *Bridgeport Music, Inc. v. Universal-MCA Music Pub.,*

8

*Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) ("A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice.")). Here, the Court finds that it would be inappropriate to rule on the pending motions (Docs. 88, 92, 93, 97) in light of the Court's finding that dismissal without prejudice is warranted. Accordingly, Defendants' motion for summary judgment (Doc. 88), Plaintiff's motion for summary judgment (Doc. 92), Plaintiff's motion for sanctions (Doc. 93), and Defendants' motion to exclude expert opinions (Doc. 97) are DENIED as moot.

## IV. CONCLUSION

For the reasons reflected above, Plaintiff's motion for voluntary dismissal (Doc. 108) is **GRANTED**, and Plaintiff's claims are **DISMISSED without prejudice**. The other pending motions—Defendants' motion for summary judgment (Doc. 88), Plaintiff's motion for summary judgment (Doc. 92), Plaintiff's motion for sanctions (Doc. 93), and Defendants' motion to exclude expert opinions (Doc. 97)— are **DENIED as moot**. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date:  8/14/2020                              */s/ Timothy S. Black*
                                              Timothy S. Black
                                              United States District Judge